UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAWN NEWTON,

                        Plaintiff,

      -against-

UNITED STATES OF AMERICA DOCTORS FMC,
                    Defendants.
----------------------------------------------------------------x
SHAWN NEWTON,

                        Plaintiff,

      -against-

UNITED STATES GOVERNMENT, ATTORNEY
GENERAL, DAVID L. TRAGER,
                  Defendants.
----------------------------------------------------------------x
SHAWN NEWTON,

                        Plaintiff,

      -against-

UNITED STATES OF AMERICA GOVERNMENT,
                  Defendant.
----------------------------------------------------------------x
SHAWN NEWTON,

                        Plaintiff,

      -against-

UNITED STATES OF AMERICA GOVERNMENT,
                  Defendant.
----------------------------------------------------------------x
SHAWN NEWTON,

                        Plaintiff,

      -against-

UNITED STATES OF AMERICA, HONORABLE
DAVID L. TRAGER, SUSAN MACDERMOTT,
                  Defendants.

----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 25 2008 
P.M. ___
TIME A.M. ___

MEMORANDUM AND ORDER

08-CV-3624 (ENV)

08-CV-3693 (ENV)

08-CV-3695 (ENV)

08-CV-3696 (ENV)

08-CV-3697 (ENV)

VITALIANO, D.J.

*Pro se* petitioner Shawn Newton, who is currently incarcerated at the Federal Medical Center in Butner, North Carolina, filed the above-captioned petitions, ostensibly pursuant to 28 U.S.C. § 2241 ("Section 2241"). For the following reasons, the petitions are dismissed.

## BACKGROUND

Newton is a frequent filer in this Court. Like Newton's previous filings, his instant submissions consist of nearly illegible handwritten allegations scrawled on form petitions for a writ of habeas corpus pursuant to § 2241 and it is exceedingly difficult to discern the nature of his claims. In one of the actions, Docket No. 08-CV-3697, he references a prior "1983 Claim" and Bivens claim regarding injuries to his back, perhaps a reference to similar claims made in Newton v. Insurance Company, Docket No. 08 CV 3494 (ENV), slip op. (E.D.N.Y. Sept. 4, 2008) (dismissing § 2241 petition). Newton's multiple petitions also include several disjointed references to due process, equal protection, inadmissible evidence, and double jeopardy, apparently in an attempt to mount a renewed challenge to his November 28, 2002 conviction in this Court for violating 18 U.S.C. § 922(g)(1). Newton has previously filed a habeas petition pursuant to 28 U.S.C. § 2255, in which he challenged that same conviction on several constitutional grounds, including double jeopardy. In Newton v. United States, Docket No. 04 CV 3885 (DGT), 2007 WL 2891405 (E.D.N.Y. Sept. 28, 2007), the Court found that most of these claims were procedurally barred, and that all of them were without merit.

## DISCUSSION

Title 28 of the United States Code, Section 2241 permits federal courts to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A motion pursuant to § 2241

generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. See Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). Section 2255 of the Code is generally the proper vehicle for a prisoner's challenge to his conviction and sentence, encompassing claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

"Despite [the] apparent overlap between § 2255 and § 2241(c)(3) . . . as a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (citing Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). There is, however, an exception in the last clause of § 2255 which permits the filing of a § 2241 petition when § 2255 provides an inadequate or ineffective remedy to test the legality of a federal prisoner's detention. See 28 U.S.C. § 2255. Specifically, Section 2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Thus, a federal prisoner challenging his conviction or sentence may file a § 2241(c)(3) petition only in the limited situations where § 2255 is an inadequate or ineffective remedy and "when the

3

failure to allow for some form of collateral review would raise serious constitutional questions." Triestman, 124 F.3d at 377 (interpreting the "savings clause" of 28 U.S.C. § 2255(e)). "[Section] 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion." See Jiminian, 245 F.3d at 147-148. The unavailability of a second or successive § 2255 petition is not grounds for application of the savings clause in § 2255(e), unless the prisoner is asserting "actual innocence" and "could not have effectively raised [his] claim[s] of innocence at an earlier time." Cephas v. Nash, 328 F.3d 98, 105 (2d Cir. 2003) (citations omitted);

In this case, Newton has already filed the one petition pursuant to § 2255 to which he is entitled. He does not assert "actual innocence" nor the prior unavailability of a new claim raising serious constitutional questions, such that he could invoke the savings clause of § 2255(e). Accordingly, he is precluded from challenging the constitutionality of his conviction or sentence by way of a petition pursuant to § 2241. Cephas, 328 F.3d at 105 ("[W]here ... petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.)

Separate from § 2255's procedures for challenging the legality of a conviction or sentence, § 2241 does have continuing validity for petitions challenging "the *execution* of a federal prisoner's sentence." Jiminian, 245 F.3d at 146-47. If Newton's incomprehensible petitions were intended to mount such a challenge, they would nevertheless be dismissed,

4

because he named the wrong respondents and selected an improper venue. The proper respondent in a § 2241 petition is the petitioner's custodian and the proper venue is the court having jurisdiction over that custodian. Newton is currently being held in a federal detention center located within the United States District Court for the Eastern District of North Carolina. As such, an appropriate § 2241 motion must be brought naming Newton's current custodian in that court.

The Court notes that Newton has now filed nine separate actions purporting to be petitions pursuant to § 2241, each of them illegible and improperly filed,[1] in addition to four civil actions pursuant to 42 U.S.C. § 1983 that were dismissed sua sponte by the Court.[2] The Court's limited resources are more properly devoted to legitimate litigants and their claims. Accordingly, Newton is warned that the future filing of vexatious and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking in forma pauperis status without leave of the Court. See In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); In re McDonald, 489 U.S. 180, 184 (1989) (prohibiting a litigious § 2241 petitioner from proceeding in forma pauperis when seeking future extraordinary writs from the Court.).

---

[1] In addition to the five petitions dismissed by this Order, the E.D.N.Y. docket contains 01 CV 1021 (DGT), 06 CV 5393 (DGT), 08 CV 1147 (DGT), and 08 CV 3494 (ENV).

[2] See Docket Nos. 01 CV 2855 (DGT), 01 CV 2875 (DGT), 05 CV 1570 (DGT), 08 CV 0850 (DGT).

## CONCLUSION

For the foregoing reasons, each of the above-captioned petitions is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 22, 2008

ERIC N. VITALIANO
United States District Judge